# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN A. KEIL, | : | |
| | : | |
| Plaintiff, | : | C. A. No. S19C-12-012 CAK |
| | : | |
| v. | : | |
| | : | |
| KAREN OBERLY and THE | : | |
| CITY OF REHOBOTH BEACH, | : | |
| | : | |
| Defendants. | : | |

Submitted: February 13, 2020
Decided: April 1, 2020

Upon Defendant City of Rehoboth Beach's Motion to Dismiss

**GRANTED**

**MEMORANDUM OPINION AND ORDER**

Michael Silverman, Esquire, Silverman McDonald & Friedman, 1010 North Bancroft Parkway, Suite 22, Wilmington, Delaware 19805

Daniel A. Griffith, Esquire, Whiteford, Taylor & Preston, L.L.C., The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, Delaware 19801

**KARSNITZ, J.**

Delaware law provides governmental entities broad tort immunity.[1] The County and Municipal Tort Claims Act[2] ("the Act") provides "...all governmental entities and their employees shall be immune from suit on any and all tort claims...." The language could not be more encompassing. Section 4011(b) states, without limitation to the specific functions listed, six particular governmental operations that are immune from tort liability. Section 4011(c) provides an exception for municipal employees only for acts committed outside their employment, or performed with wanton negligence or wilful and malicious intent. Finally, the Act in Section 4012 provides exceptions to the general rule of immunity for three well-defined functions.[3]

Plaintiff had the misfortune to trip over a "concrete stump" that he alleges in his complaint was covered by snow. As described to me at oral argument the concrete stump was a marker for boundary lines. Plaintiff alleges significant injuries including a "nos11e break, upper laceration, severed lip

---

[1] See 10 *Del. C.* §4011.

[2] 10 *Del, C.* Chapter 40, Subchapter II

[3] Generally (1) ownership and use of motor vehicles, (2) construction and operation of public buildings, and (3) sudden and accidental discharge of smoke or chemicals.

1

laceration, forehead, right hand and wrist injury."[4] The Complaint further alleges Plaintiff's fall occurred on real property owned by Karen Oberly, or the City of Rehoboth Beach.

Plaintiff has now sued Ms. Oberly and the City alleging that either or both are legally responsible for his damages suffered. The City has responded by filing a motion to dismiss Plaintiff's claims pursuant to Superior Court Civil Rule 12(b)(6). The City asserts it is immune from Plaintiff's tort claim. I agree.

I accept the facts Plaintiff alleges in his Complaint as true in deciding this motion. I analyze if Plaintiff may recover under any circumstance susceptible of proof based on the allegations in the Complaint.[5]

Plain and simple Plaintiff has alleged a tort claim against an immune entity. The Complaint contains no allegations that would fall within the Act's exceptions. The Complaint does not allege (1) use or operation of a motor vehicle, (2) operation of a public building, or (3) unlawful discharge, the only exceptions to the immunity rule.

In response to the motion Plaintiff asks that I deny it to allow the processes of discovery to occur. If there were some arguable circumstance alleged

---

[4] Complaint, paragraph 4, D.I. No. 1

[5] *Spence v. Funk*, 396 A. 2d 967, 968 (Del. 1978)

2

in the Complaint which might be susceptible to proof of a claim, I would allow discovery to proceed. There are no circumstances.

In response to the motion Plaintiff argues (1) it is unclear who owns the land and (2) the City may have know of the problem with the stump and acted recklessly[6] in allowing it to remain on the property. Again the short answer is neither of these contentions matter under the Act.

Ownership of land is not an exception in the Act; ownership of public buildings can be. Here the allegation is not as to a public building, but as to a stump set in the corner of a residential lot. Reckless conduct is only relevant as to claims against municipal employees.

Plaintiff also argues that Plaintiff's claim may not fall within the specific enumeration of functions contained in Section 4011(b)(6). Section (b)(6) is one of the specific functions for which immunity applies and covers generally defects in highways, sidewalks and the like. However, the specific items in Section (b)(a) (and those in (b)) (1-5) are examples only of functions for which immunity applies. Section 4011(b) contains the following language.

---

[6] Plaintiff did not plead an allegation of recklessness. It would not matter. Reckless conduct is only relevant as to claims against City employees.

Paragraphs (b)(1) to (6) of this section to which immunity applies are cited as examples and shall not be interpreted to limit the general immunity provided by this section.

As a result whether the conduct alleged here falls within (b)(6) (and it probably does not), makes no difference as it does not affect the general grant of immunity.

Plaintiff claims in tort against the City of Rehoboth. The City is immune from those claims. The Complaint makes no contentions which would implicate the exceptions to the Acts immunity. I have no alternative but to grant the City's motion and dismiss the Complaint as to it.

**IT IS SO ORDERED**

Craig A. Karsnitz

FILED PROTHONOTARY SUSSEX COUNTY 2020 MAR 32 P 12:49

4